1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DANIEL NOGUEIRA,

Defendant.

Case No. 18-cr-00093-LHK-1   (VKD)

**ORDER REVOKING BOND AND
RELEASE AND REQUIRING
DETENTION**

On June 29, 2020, Pretrial Services reported to the Court that defendant Daniel Nogueira had violated certain conditions of his pre-trial release.  Dkt. No. 90.  Pretrial Services recommended that the Court revoke Mr. Nogueira's bond and remand him to custody.  The Court held a telephonic hearing on the alleged violations on July 1, 2020.  Dkt. No. 91.  Mr. Nogueira consented to appearance by telephone and opposed Pretrial Services' recommendation.  The United States concurred in the recommendation for detention.

For the reasons discussed below, the Court revokes Mr. Nogueira's bond and remands him to the custody of the U.S. Marshal.

**I.      BACKGROUND**

According to Pretrial Services, Mr. Nogueira violated three conditions of his release (Dkt. No. 17).  First, Pretrial Services contends that Mr. Nogueira violated the condition of his release requiring him to not commit a federal, state, or local crime.  *See* Dkt. No. 90.  Specifically, Pretrial Services reports that on June 26, 2020, when Officers Rangel and Granados visited Mr. Nogueira at the sober living environment where he resides, he advised them that he would be taking BART to his workplace.  Later, Mr. Nogueira advised Officer Rangel that he would receive a ride from a

1   friend.  In fact, Mr. Nogueira drove a car to and from his workplace, even though he was not

2   permitted to drive because his license has been suspended or revoked.

3        Second, Pretrial Services contends that Mr. Nogueira violated the condition of his release

4   requiring him to submit to drug and alcohol testing as directed by Pretrial Services.  *See id*.

5   Specifically, Pretrial Services reports that Mr. Nogueira missed scheduled drug tests on June 3 and

6   June 23, 2020.

7        Third, Pretrial Services contends that Mr. Nogueira violated the condition of his release

8   requiring him to participate in mental health counseling as directed by Pretrial Services.  *See id*.

9   Specifically, Pretrial Services reports that Mr. Nogueira missed a counseling session with Dolan

10   Mental Health on June 3, 2020 and also missed the re-scheduled appointment on June 10, 2020.

11        On June 10, 2020, Mr. Nogueira pled guilty to all counts charged in the superseding felony

12   information.  *See* Dkt. Nos. 71, 89.  He is scheduled to appear for sentencing on September 16,

13   2020.  The parties advise that Mr. Nogueira faces a significant term of imprisonment.

14        During the July 1, 2020 hearing, Mr. Nogueira admitted that he drove without a license

15   and was dishonest with Pretrial Services about that conduct.  He explains that he drove because he

16   was concerned about getting to his first day of work on time.  Mr. Nogueira acknowledges that he

17   missed his drug testing appointments and his mental health appointments but advises the Court

18   that his phone was not functioning properly on June 3 and June 23, and that on June 10, he missed

19   his mental health appointment because he had a court appearance at the same time.

## II.   DISCUSSION

21        As Mr. Nogueira has pleaded guilty to the felony offenses charged in the superseding

22   indictment, the law requires that he be detained pending sentencing, unless the Court finds by

23   clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any

24   other person or the community.  18 U.S.C. § 3143(a).  Mr. Nogueira bears the burden of

25   demonstrating that he is not likely to flee or pose a danger to any other person or to the

26   community.  Fed. R. Crim. P. 46(c); *see United States v. McCarns*, No. 2:08-CR-00116-KJM,

27   2014 WL 1247732, at *4–5 (E.D. Cal. March 25, 2014).  The Court finds that Mr. Nogueira has

28   not met that burden.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The violations charged in the June 29, 2020 memorandum are only the most recent in a

2  series of violations, most of which Mr. Nogueira has admitted.  *See* Dkt. Nos. 45, 60, 75, 78.

3  Recently, these violations have included conduct that puts the health and safety of the community

4  at risk, including missing appointments intended to address Mr. Nogueira's substance abuse and

5  mental health problems, driving without a license, and failing to comply with the rules of the sober

6  living environment in which he resided in April 2020, including local shelter-in-place restrictions.

7  In addition, Mr. Nogueira has been dishonest with Pretrial Services on several occasions, making

8  it difficult for Pretrial Services to provide adequate supervision.  This failure to comply with

9  conditions and to attend required appointments suggests that Mr. Nogueira also poses a flight risk.

10    The Court has repeatedly admonished Mr. Nogueira about his failure to comply with his

11  conditions of release and the potential consequences of that non-compliance, including revocation

12  of his bond and remand to custody.  The Court concludes that Mr. Nogueira has not taken the

13  Court's orders or admonitions seriously, and that he is not genuinely trying to comply with the

14  conditions of his release or to participate meaningfully in the treatment programs intended to

15  address his substance abuse and mental health problems.

16    Finally, the Court gives great weight to Pretrial Services' assertion that Mr. Nogueira's

17  non-compliance coupled with his dishonesty makes it difficult for Pretrial Services to provide

18  adequate supervision.

19    Mr. Nogueira explains that he is struggling with very difficult circumstances, which the

20  Court acknowledges.  However, his explanations do not adequately account for his continued non-

21  compliance and dishonesty with Pretrial Services.  Accordingly, the Court concludes that Mr.

22  Nogueira has not shown by clear and convincing evidence that he is not likely to flee or pose a

23  danger to the safety of any other person or the community.  In considering a remand to custody,

24  the Court takes judicial notice, at Mr. Nogueira's request, of the conditions at the Santa Rita Jail.

25  As of July 1, 2020, the jail has two inmates and 25 staff members who are currently positive for

26  COVID-19, seven inmates who have symptoms and are awaiting test results, and at least 11

27  housing units and/or housing pods under quarantine because of possible exposure to the virus.  *See*

28  https://www.alamedacountysheriff.org/admin_covid19.php (visited July 1, 2020).  Mr. Nogueira

does not contend that he is at particular risk of serious complications due to age or health conditions were he to contract COVID-19.  In any event, the Court has weighed the risk COVID-19 poses to anyone who may be exposed in concluding that, despite that risk, detention in these circumstances is warranted.

### III.    CONCLUSION

Mr. Nogueira is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Mr. Nogueira shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the United States, the person in charge of the corrections facility shall deliver Mr. Nogueira to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: July 1, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

4